1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18

| | |
|---|---|
| MARVIN VERNIS SMITH,<br><br>Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>Respondent. | Case No. SA CV 20-1550 ODW (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

19
20
21
22
23
24
25
26
27
28

    The Court summarily dismisses Petitioner's habeas action without prejudice as successive under 28 U.S.C. § 2244.

                                    * * *

    1.    Petitioner is a state prisoner serving a life term in prison for the murder of his wife.

    2.    Petitioner (through a retained attorney) previously sought federal habeas relief in this district regarding his conviction. The Court originally granted that habeas petition. Smith v. Lopez, No. SA CV 11-1076 ODW (MRW) (C.D. Cal.). The Ninth Circuit affirmed the decision.

1  Smith v. Lopez, 731 F.3d 859 (9th Cir. 2013).  However, the U.S. Supreme

2  Court reversed the Ninth Circuit in a per curiam ruling.  Lopez v. Smith,

3  574 U.S. 1 (2014).  Petitioner remained in state custody during the

4  pendency of the federal proceedings.

5        3.    In 2020, Petitioner (now a pro se litigant) filed the current

6  action.  The petition presents a single claim under Brady v. Maryland

7  regarding a jailhouse informant who ultimately did not testify against

8  Petitioner at trial.  (Docket # 1 at 5; # 11-1 at 9-10.)

9        4.    Magistrate Judge Wilner screened the 2020 habeas action.

10  Judge Wilner noted that the action was not accompanied by a certificate

11  from the Ninth Circuit Court of Appeals authorizing a second habeas

12  action under 28 U.S.C. § 2244.  (Docket # 3.)  Even so, the California

13  Attorney General was directed to respond the new action.  (Docket # 8.)

14        5.    The Attorney General moved to dismiss the action.  The

15  Attorney General argued that the new case was successive, untimely, and

16  procedurally barred based on adverse rulings in the state court system.

17  (Docket # 11.)

18        6.    Petitioner filed an opposition to the dismissal motion.  (Docket

19  # 17.)  Petitioner's submission focused on the merits of his Brady

20  allegations.  However, neither this brief nor a supplemental submission

21  that Petitioner filed earlier in the action (Docket # 7) addressed the

22  successive nature of the current petition or Petitioner's failure to seek

23  appellate court authorization for this second federal habeas action.

24                                        \* \* \*

25        7.    If it "appears from the application that the applicant or person

26  detained is not entitled" to habeas relief, a court may summarily dismiss a

27  habeas action.  28 U.S.C. § 2243; see also Rule 4 of Rules Governing

28

Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

8.     Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action.  "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added).  A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court.  Id.; Burton v. Stewart, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

9.     "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it."  Brown v. Muniz, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); Prince v. Lizzaraga, 733 F. App'x 382, 384 (9th Cir. 2018) (prisoner "must first apply to this [appellate] court for permission to have his petition heard in the district court").

* * *

10.     Petitioner's current habeas action is subject to summary dismissal.  The petition challenges the same murder conviction for which he already received considerable habeas review in a heavily litigated case

1  in this federal court.  Petitioner offers no proof that he obtained permission

2  from the Ninth Circuit to bring a new habeas action in this Court.  He also

3  provides no coherent reason why he is entitled to present claims at this

4  stage that his private attorneys could have, but did not, bring years ago.

5  As a result, the current petition must be dismissed for lack of jurisdiction.

6  28 U.S.C. § 2244(b); <u>Burton</u>, 549 U.S. at 156; <u>Brown</u>, 889 F.3d at 667;

7  <u>Prince</u>, 733 F. App'x at 384.

8        11.    Because the Court does not have jurisdiction to consider the

9  merits of Petitioner's habeas claims, it declines to address the Attorney

10  General's alternative contentions that the current action is untimely or

11  procedurally barred under AEDPA.

12                                    * * *

13        Therefore, the present action is hereby DISMISSED without

14  prejudice as successive.

15        IT IS SO ORDERED.

16

17

18  Dated: April 29, 2021        _____

19                               HON. OTIS D. WRIGHT II
                                 UNITED STATES DISTRICT JUDGE

20

21  Presented by:

22

23

24  _____

    HON. MICHAEL R. WILNER
25  UNITED STATES MAGISTRATE JUDGE

26

27

28